MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
32 Broadway, Suite 412
New York, NY 10007
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAREEM C. JOHNSON,<br><br>         **Plaintiff,**<br>v.<br><br>**THE CITY OF NEW YORK and<br>NYPD Officers JOHN DOES 1 through 4,<br>individually and in their official<br>capacities,**<br>         **Defendants.** | **Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.: 25-cv-126 |

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and NYPD Officers JOHN DOES 1 through 4, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for NYPD Officers DOES failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Kareem C. Johnson ("Plaintiff" or "Mr. Johnson") is a thirty (30) year old African American man.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Defendant NYPD Officers JOHN DOES 1 through 4 are members of the New York City Police Department ("NYPD") who were so employed on September 17, 2024. NYPD Officers JOHN DOES 1 through 4 were acting under color of state law and in their capacities as members of the NYPD at all relevant times. Defendant NYPD Officers JOHN DOES 1 through 4 are sued in both their individual and official capacities.

## STATEMENT OF FACTS

8. The Incident which is the subject of the instant Complaint took place on September 17, 2024, when Plaintiff answered a knock at his door, where he was residing at 271 W. 146th Street, Apt. 14, New York, NY, 10039.

9. Defendant NYPD Officers JOHN DOES informed Plaintiff that he had to go with them for questioning about a purported incident which supposedly took place at a club a month prior.

10. Plaintiff was handcuffed and taken to the 83rd Precinct in Brooklyn, NY where he was processed, fingerprinted and photographed.

11. Plaintiff was detained against his will at the 83rd Precinct in Brooklyn for approximately 5-6 hours before being taken to Central Booking at 120 Schermerhorn Street, Downtown Brooklyn.

12. Plaintiff spent approximately 15 -16 hours in Central Booking

13. After spending about 15-16 hours in Brooklyn Central Booking, a Court Officer informed Plaintiff that, "his case was being DP'd (decline to prosecute)," and Plaintiff was led out of Central Booking without ever seeing a judge.

14. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation,– all to his detriment.

## FIRST CLAIM
*Unlawful Search and Seizure*

15. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

16. NYPD Officer JOHN DOES violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion or probable cause to do so.

17. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

18. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, pain, anxiety, humiliation, embarrassment and degradation,– all to his detriment.

## SECOND CLAIM
*False Arrest*

19. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

20. NYPD Officers JOHN DOES violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

21. Plaintiff was aware of his confinement and he did not consent to it.

22. The confinement was not otherwise privileged.

23. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
*Failure to Intervene*

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. NYPD Officer JOHN DOES were present and observed the unlawful conduct as against Plaintiff; they had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

26. Accordingly, NYPD Officer JOHN DOES who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

27. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
*MONELL CLAIM*

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned defendant in his official capacity as a police officer and official pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

31. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

32. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

33. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

34. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

35. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

36. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its

law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

37. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

38. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

39. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation,– all to his detriment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs; and

d. Such other relief as this Court shall deem just and proper.

Dated: January 8, 2025
      New York, NY

      s/Michael J. Redenburg
      Michael J. Redenburg (NY #MR4662)
      MICHAEL J. REDENBURG, ESQ. PC
      32 Broadway, Suite 412
      New York, NY 10004

mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)